**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | CIVIL CASE NO. 14 CV 2763 |
| v. | ) | (related Criminal CASE NO. 08 CR 848) |
| | ) | |
| | ) | Judge Robert M. Dow, Jr. |
| JOE HESTER | ) | |

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Petitioner Joe Hester's motion to vacate, set aside, or correct sentence by person in federal custody pursuant to 28 U.S.C. § 2255 [1] and motion to request "order" or "standing order" for unimpeded access to the court [8]. For the reasons stated below, the Court denies Petitioner Hester's motion to vacate, set aside, or correct sentence [1] and denies as moot Petition's motion to request "order" or "standing order" for unimpeded access to the court [8].[1]

**I.   Background**

On October 21, 2008, Hester was arrested on a criminal complaint charging him with a violation of 18 U.S.C. §922(g). After the Government was granted several extensions of time to return an indictment, on February 17, 2009, the grand jury returned a three-count indictment charging Hester with one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) and two counts of possession of narcotics with intent to distribute [24].[2] On

---

[1]  Hester requested that the Court issue an order granting him "unimpeded access" to the courts. The Court denies Hester's motion as moot. No further briefing is necessary in this case. Furthermore, although Hester's reply brief was approximately one month late, the Court has reviewed the brief and considered his arguments in ruling on his motion to vacate, set aside, or correct sentence. Therefore, Hester has received all the access to the courts to which he is entitled.

[2]  On March 25, 2009, Hester's attorney moved to withdraw [41], which the Court granted on March 26, 2009. A federal defender panel attorney was appointed as standby counsel on April 8, 2009. On May 15, 2009, Judge Manning, to whom this case previously was assigned, granted Hester's request to proceed

December 9, 2009, a grand jury returned a superseding indictment based on substantially the same charges [89]. After a lengthy pre-trial process and considerable motion practice, a jury trial commenced on October 24, 2011. On October 27, 2011, the jury returned a verdict of guilty as to all three counts. Defendant then filed a motion for judgment notwithstanding the verdict and a motion to dismiss; the Court denied both motions [241]. While the parties prepared for sentencing, Defendant filed another post-trial motion, asserting many of the same arguments previously raised and rejected as well as a few new contentions, which the Court also denied.

The initial presentence investigation report ("PSR") determined that Hester's total offense level was 37. The offense level was based on Hester's status as a career offender and used the offense statutory maximum of life for Count Two, which, pursuant to USSG § 4B1.1(b)(A), resulted in an overall total offense level of 37. The PSR based this calculation on a statutory maximum of life imprisonment for Count Two of the super superseding indictment, which charged Hester with the possession with intent to distribute 5 or more grams of crack cocaine on August 1, 2007, pursuant to 21 U.S.C. § 841(a)(1). Hester was subject to enhanced penalties for this offense as a result of an Information Stating Previous Conviction to Be Relied Upon in Seeking Increased Punishment pursuant to 21 U.S.C. § 851(a) filed on December 2, 2009.

As of the date that this offense was committed, the enhanced penalty pursuant to 21 U.S.C. § 841(b)(1)(B)(iii) consisted of a 10-year mandatory minimum and a statutory maximum of life. The current enhanced penalty, as a result of the Fair Sentencing Act, for 5 or more grams of crack cocaine but less than 28 grams was a statutory maximum of thirty years. Cf. 21 U.S.C. § 841(b)(1)(B)(iii) and (C) (2010); 21 U.S.C. § 841(b)(1)(B)(iii) and (C)(2011).

---

*pro se*. He represented himself, with the assistance of standby counsel, through post-trial motions and sentencing.

The PSR's initial position on this issue was consistent with the prevailing Seventh Circuit case law that the Fair Sentencing Act was not retroactive and applied only to offenses committed after August 3, 2010. *United States v. Fisher*, 635 F.3d 336 (7th Cir. 2011). At the time, the Attorney General took the position that the Fair Sentencing Act applies to all criminal prosecutions in which sentence was imposed on or after August 3, 2010, the day the President signed the bill. *United States v. Holcomb*, 657 F.3d 445, 446 (7th Cir. 2011). Pursuant to the Attorney General's position, the applicable statutory maximum was thirty years pursuant to 21 U.S.C. § 841(b)(1)(C), and thus the total offense level was 34, rather than 37, pursuant to USSG § 4B1.1(b)(2).

Because the positions of the Seventh Circuit and the Attorney General were not consistent on this issue, Hester's sentencing was postponed during the pendency of two appeals concerning the retroactivity of the Fair Sentencing Act before the Supreme Court. On June 21, 2012, the Supreme Court decided *Dorsey v. United States*, 132 S. Ct. 2321 (2012), which resolved a split among the circuits and found that the Fair Sentencing Act's lower mandatory minimums to apply to the post-Act sentencing of pre-Act offenders. After the *Dorsey* decision, Hester's sentencing was rescheduled and the probation department was directed to file an updated PSR reflecting the applicability of the Fair Sentencing Act to Hester's advisory guidelines calculations.

On August 1, 2012, the probation department prepared an updated PSR in conformity with *Dorsey v. United States*, 132 S. Ct. 2321 (2012). The report reflected that Hester was subject to a maximum term of imprisonment of ten years on Count One, pursuant to 18 U.S.C. § 922(g)(1). It further reflected that Hester was subject to a maximum term of imprisonment of thirty years for both Counts Two and Three, pursuant to 21 U.S.C. §§ 841(a)(1)(C) and 851. The

statutory maximum for Counts Two and Three was increased as a result of an Information Stating Previous Conviction to Be Relied Upon in Seeking Increased Punishment pursuant to 21 U.S.C. § 851(a). Hester was not subject to any statutory mandatory minimum on any count of conviction against him. 21 U.S.C. §§ 841(a)(1)(C) and 851.

Hester's total advisory guidelines offense level was determined to be Level 34. Pursuant to USSG § 2K2.1(a)(2), the base offense level for Count One was 24, since Hester had at least two felony convictions of either a crime of violence or a controlled substance offense. This was increased an additional four levels pursuant to USSG § 2K2.1(b)(6) since Hester possessed the firearms in connection with another felony offense, namely, the narcotics offense charged in Count Two of the superseding indictment. The base offense level for Counts Two and Three was 22 pursuant to USSG §§ 2D1.1(a)(5) and (c)(9). This was increased an additional two levels pursuant to USSG § 2D1.1(b)(1) as a result of the possession of the firearms charged in Count One of the superseding indictment. Pursuant to USSG § 3D1.2(c), Hester's combined offense level was 28. Because Hester was a career offender, pursuant to USSG § 4B1.1(b)(A), and because Counts Two and Three carried a 30-year maximum penalty pursuant to 21 U.S.C. §§ 841(a)(1)(C) and 851 and the Supreme Court's decision in *Dorsey*, Hester's total offense level was 34.

Hester had 12 criminal history points and a criminal history category of V, although because he was a career offender pursuant to USSG § 4B1.1(b), his criminal history category became VI. Based on a total offense level of 34 and a criminal history category of VI, Hester's total advisory guidelines range was 262-327 months.

On December 4, 2012, Hester was sentenced to a 120-month term of imprisonment on Count 1 of the superseding indictment, and a 275-month term of imprisonment on Counts 2 and

3, to be served concurrently, followed by concurrent terms of supervised release of three, six, and eight years.

Hester appealed his conviction on December 4, 2012. On January 23, 2014, the Seventh Circuit affirmed his conviction. *United States v. Hester*, 552 Fed. Appx. 580, 2014 WL 243178 (7th Cir. January 23, 2014). The Seventh Circuit rejected each of Hester's contentions on appeal, finding that the Court correctly concluded that there was probable cause for the warrant to search Hester's apartment and that Hester did not make substantial preliminary showing required to obtain a Franks hearing. The Seventh Circuit further found that the Court correctly declined to compel production of the CI's identity. The Seventh Circuit also found that Hester's Speedy Trial rights were not violated, his Sixth Amendment rights were not violated by the failure of attorney William Laws to file an appearance form, and he did not lack representation during critical stages of the proceedings. The Seventh Circuit also found that this Court correctly refused to dismiss the gun charge against Hester on the basis of *Buchmeier v. United States*, 581 F.3d 561, 567 (7th Cir. 2009). The Seventh Circuit further found that the evidence at trial against Hester was "largely unrebutted and overwhelming" and, consequently, a rational trier of fact could find him guilty. Finally, the Seventh Circuit found that since Hester was not subject to any statutory minimum sentence, his sentence could not have violated *Alleyne v. United States*, 133 S.Ct. 2151 (2013).

**II.    Analysis**

Hester filed the current motion on April 17, 2014. In the motion itself, he raises five grounds, with an additional two grounds raised in attachments to the motion. Relief under § 2255 is an uncommon remedy because it requires the district court "to reopen the criminal process to a person who already has had an opportunity for full process." *McMahan v. United*

5

*States of America,* 2009 WL 509869, at *1 (N.D. Ill. Mar. 2, 2009). A § 2255 motion to vacate to set aside or correct a sentence will be granted only if the petitioner establishes "that the district court sentenced [her] in violation of the Constitution or laws of the United States or that the sentence was in excess of the maximum authorized by law or is otherwise subject to collateral attack." *Hays v. United States*, 397 F.3d 564, 566-67 (7th Cir. 2005)). If a § 2255 petitioner does not raise a claim in her direct appeal, that claim is barred from the Court's collateral review unless the petitioner can demonstrate cause for the procedural default and actual prejudice from the failure to appeal (see *Fuller v. United States*, 398 F.3d 644, 648 (7th Cir. 2005)), that enforcing the procedural default would lead to a 'fundamental miscarriage of justice" (*Anderson v. Benik*, 471 F.3d 811, 815 (7th Cir. 2006), or that there has been a change of circumstances involving facts or law (*Varela v. United States*, 481 F.3d 932, 935 (7th Cir. 2007)).

### A. Fourth Amendment Claim

Hester's first ground for relief—that his Fourth Amendment rights were violated when his home was searched—was raised unsuccessfully both in this Court and on direct appeal. See *United States v. Hester*, 552 Fed. Appx. 580, 2014 WL 243178, at *2 (7th Cir. 2014) ("Judge Dow correctly concluded that Officer Taylor's affidavit provided probable cause for the search."). Because this issue already has been ruled upon by the Seventh Circuit, this aspect of Hester's § 2255 motion will be denied without an evidentiary hearing because a § 2225 motion is not a vehicle for appealing the same issue a second time. See *Reed v. Farley*, 512 U.S. 339, 353-54 (1994), see also *Fuller v. United States*, 398 F.3d 644, (7th Cir. 2005) ("In the context of § 2255 motions, the 'law of the case' doctrine dictates that 'once this court has decided the merits of a ground of appeal, that decision establishes the law of the case and is binding on a [court]

asked to decide the same issue in a later phase of the same case, unless there is some good reason for reexamining it.'") (citing *United States v. Mazak*, 789 F.2d 580, 581 (7th Cir. 1986)).

Hester contends that "this information was not made available until after the appeal was final (for some mysterious reasons it was lost in the mail.)" Petition at 5. However, he does not specify what "information" was not made available to him until after the appeal was final, and the argument itself merely repeats the same argument raised many times in the district court and also raised in the court of appeals. Therefore, the Court denies relief in regard to his Fourth Amendment claim.

B.     **Sixth Amendment Claims**

Hester's second ground for relief—that his Sixth Amendment rights to a Speedy Trial, to counsel, and to confront witnesses were violated during his trial—were also all raised unsuccessfully both in the trial court and on direct appeal, and meet the same fate as his Fourth Amendment claim. See *United States v. Hester*, 552 Fed. Appx. 580, 2014 WL 243178, at *3 (7th Cir. 2014) ("* * * Judge Dow correctly declined to compel production of the informant's identity * * * * Judge Holderman did not abuse his discretion in extending time for the government to put certain witnesses or evidence before the grand jury * * * the "[f]ailure of [Laws] to file an appearance did not * * * result in the defendant not being represented."). Hester also contends, as he did regarding his Fourth Amendment claim, that "this information was not made available until after the appeal was final (for some mysterious reasons it was lost in the mail.)" Petition at 7. However, he does not specify what "information" was not made available to him until after the appeal was final, and these Sixth Amendment arguments, like the Fourth Amendment argument above, are merely a repeat of the same arguments raised many times in the district court and also raised in the court of appeals. Because these issues have

already been ruled upon by the Seventh Circuit, Hester's Sixth Amendment claims will be denied without an evidentiary hearing. A § 2225 motion is not a vehicle for appealing the same issue a second time.

**C.     Jurisdiction**

Hester's third ground for relief, which he terms as a "jurisdiction violation" and further describes as "a district court is without jurisdiction when there is no cause and/or crime (defendant has no legal claim or standing in this instance)," is undeveloped and without merit. See *United States v. Bitterman*, 320 F.3d 723, 727 (7th Cir. 2003) ("We will not entertain [defendant's] half-hearted and conclusory argument, as it lacks legal or factual support of any kind * * * * We have held time and again that perfunctory and undeveloped arguments (even constitutional ones) are waived * * *.") (internal citations omitted).

**D.     Fingerprints**

Hester's fourth ground for relief rests on the sufficiency of the evidence. On direct appeal, Hester unsuccessfully raised the sufficiency of the evidence against him and the Seventh Circuit rejected his argument. See *United States v. Hester*, 552 Fed. Appx. 580, 2014 WL 243178, at *3 (7th Cir. 2014) ("Hester further argues that the evidence presented at his trial was insufficient to convict him. But a rational trier of fact could find him guilty."). However, he failed to make the specific argument that he now makes regarding the absence of fingerprints on the evidence against him. Hester contends, as he did regarding his Fourth Amendment claim, that "this information was not made available until after the appeal was final (for some mysterious reasons it was lost in the mail.)" However, he does not specify what "information" was not made available to him until after the appeal was final. He raised the fingerprint issue at trial during his closing argument, and thus he cannot claim that he was unaware of this

information until after the appeal was final. See Docket Entry 226 at 413-14 ("When Ms. Rees came in and identified all this merchandise or evidence, she says she found fingerprints, three latent prints on that plate, and neither one of them belong to the defendant."). Hester cannot now rectify his failure to raise this specific argument on direct appeal by raising it in his § 2255 petition, given that he clearly knew of it during his trial. In failing to make this specific argument on direct appeal, Hester has procedurally defaulted on it and may not raise it via § 2255 absent a showing of cause and prejudice. *Ballinger v. United States*, 379 F.3d 427, 429-30 (7th Cir. 2004). A petitioner's *pro se* status alone does not constitute cause in a cause-and-prejudice analysis. *Smith v. McKee*, 598 F.3d 374, 385 (7th Cir. 2010) (citing *Harris v. McAdory*, 334 F.3d 665, 668 (7th Cir. 2003)); *Barksdale v. Lane*, 957 F.2d 379, 385-86 (7th Cir. 1992). Hester's "fingerprints" claim is denied.

### E. *Batson* Challenge

Hester's fifth ground for relief is that it is "unconstitutional to have all white jury and not a jury of my peers in any form considering socioeconomic status of jurors (Ph.D.s, CEO [sic], Professors, suburban white females and all victims of burglary at some point in their lives which the prosecution harped on during trial." Petition at 15. *Hester* did not raise any *Batson* argument on direct appeal. See *United States v. Hester*, 552 Fed. Appx. 580, 2014 WL 243178 (7th Cir. 2014). His explanation for failing to raise this issue on direct appeal was "accidental oversight." Petition at 15. Since Hester failed to make this specific argument on direct appeal, he has procedurally defaulted on it and may not raise it via § 2255 absent a showing of cause and prejudice. *Ballinger v. United States*, 379 F.3d 427, 429-430 (7th Cir. 2004). Again, a petitioner's *pro se* status alone does not constitute cause in a cause-and-prejudice analysis.

Further, Hester has failed to make any sort of a record, via citations to the trial transcript,

9

in support of his claim that his jury was all white, or of his apparent claim that some misconduct occurred in the selection of the jury. Even though he is *pro se*, it is his responsibility to develop his record in pursuing relief via § 2255. See *Hale v. United States*, 710 F.3d 711 (7th Cir. 2013). Moreover, Hester's unsupported observations about the composition of the jury are not sufficient to support his contention. A defendant's "mere observation that there were no African-Americans on a panel that was drawn from a population containing African-Americans simply is not sufficient to demonstrate any systematic exclusion." *United States v. Cooke*, 110 F.3d 1288, 1301 (7th Cir. 1997) (quoting *United States v. Guy,* 924 F.2d 702, 706 (7th Cir. 1991). Hester's *Batson* claim is denied.

### F. Fair Sentencing Act

Hester argues at great length that he was sentenced to a mandatory minimum in violation of the Fair Sentencing Act, and that the Fair Sentencing Act should have somehow resulted in his release from custody on July 3, 2012. Hester failed to raise any issues concerning the Fair Sentencing Act on direct appeal. See *United States v. Hester*, 552 Fed. Appx. 580, 2014 WL 243178, at *3 (7th Cir. 2014). As explained above regarding Hester's "fingerprints" and *Batson* arguments, Hester therefore cannot raise this issue via § 2255 absent a showing of cause and prejudice.

Moreover, his premise is incorrect: Hester was sentenced in accordance with the Fair Sentencing Act. As explained above, as of the date that Hester committed the offenses at issue in the superseding indictment, the enhanced penalty for a violation of 21 U.S.C. § 841(b)(1)(B)(iii) consisted of a 10-year mandatory minimum and a statutory maximum of life. The current enhanced penalty, as a result of the Fair Sentencing Act, for 5 or more grams of crack cocaine but less than 28 grams, was a statutory maximum of thirty years, but no mandatory

minimum. Cf. 21 U.S.C. § 841(b)(1)(B)(iii) and (C) (2010); 21 U.S.C. § 841(b)(1)(B)(iii) and (C)(2011). Despite his assertions that he was subject to a mandatory minimum of 10 years, Hester was not subject to any mandatory minimum at all. As stated above, the updated presentence investigation report, prepared after the Supreme Court's decision in *Dorsey v. United States*, 132 S.Ct.2321 (2012), and consistent with *Dorsey*'s holding, reflected that Hester was subject to a maximum term of imprisonment of ten years on Count One, pursuant to 18 U.S.C. § 922(g)(1). It further reflected that Hester was subject to a maximum term of imprisonment of thirty years for both Counts Two and Three, pursuant to 21 U.S.C. §§ 841(a)(1)(C) and 851. The statutory maximum for Counts Two and Three was increased as a result of an Information Stating Previous Conviction to Be Relied Upon in Seeking Increased Punishment pursuant to 21 U.S.C. § 851(a). Hester was not subject to any statutory mandatory minimum on any count of conviction against him. 21 U.S.C. §§ 841(a)(1)(C) and 851.

Although Hester argues vehemently to the contrary, he fails to cite to the PSR, sentencing transcript, judgment and commitment order or any other document in support of his contention that he was subject to a mandatory minimum in violation of the Supreme Court's decision in *Dorsey*. He further fails to cite to any authority for the proposition that the *Dorsey* decision should have resulted in automatic release or a substantially reduced sentence, and fails to present any explanation for his failure to make these arguments on direct appeal. Since he has failed to meet his burden of cause and prejudice on this issue, and since his reasoning is unsupported and just plain wrong, his claims regarding the Fair Sentencing Act are denied.

    G.    *Alleyne v. United States*

Hester further argues that he was sentenced to a mandatory minimum in violation of the Supreme Court's decision in *Alleyne v. United States*, 133 S.Ct. 2151, 186 L.Ed.2d 314 (2013).

Hester unsuccessfully argued *Alleyne* on direct appeal. See *United States v. Hester*, 552 Fed. Appx. 580, 2014 WL 243178, at *2 (7th Cir. 2014) ("Alleyne matters only when a defendant's statutory minimum sentence is raised by a finding of fact * * * * Hester was not subject to any statutory minimum sentence, so his sentence could not violate *Alleyne*."). Because this issue has already been ruled upon by the Seventh Circuit, this aspect of Hester's § 2255 is denied without an evidentiary hearing because a § 2225 motion is not a vehicle for appealing the same issue a second time.

\* \* \* \* \*

Relief under § 2255 is an extraordinary remedy because it asks the district court to reopen the criminal process to a person who already has had an opportunity for full process. *Almonacid v. United States*, 476 F.3d 518, 521 (7th Cir. 2007). Such relief is reserved for extraordinary situations (see *Brecht v. Abrahamson*, 507 U.S. 619, 633-34 (1993)), and is appropriate only for "an error of law that is jurisdictional, constitutional, or constitutes a fundamental defect which inherently results in a complete miscarriage of justice." *Borre v. United States*, 940 F.2d 215, 217 (7th Cir. 1991) (citations omitted). Hester has failed to demonstrate any such errors: indeed, every issue he raised was either raised unsuccessfully earlier in the proceedings, was lacking in factual support in the record, was not developed, or was procedurally defaulted.

An evidentiary hearing must be held if the petitioner "alleges facts that, if proven, would entitle him to relief." *Sandoval v. United States*, 574 F.3d 847, 850 (7th Cir. 2009). However, no evidentiary hearing is necessary if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." *Bruce v. United States*, 256 F.3d 592, 597 (7th Cir. 2001) (quoting Title 28 U.S.C. § 2255). The record before the Court clearly shows that Hester is not entitled to relief.

**III.    Certificate of Appealability**

Under the 2009 Amendments to Rule 11(a) of the Rules Governing Section 2254 Proceedings, the "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Accordingly, the Court must determine whether to grant Petitioner Hester a certificate of appealability pursuant to 28 U.S.C. § 2253(c)(2).

A habeas petitioner does not have the absolute right to appeal a district court's denial of his habeas petition; instead, he must first request a certificate of appealability. See *Miller–El v. Cockrell,* 537 U.S. 322, 335 (2003); *Sandoval v. United States,* 574 F.3d 847, 852 (7th Cir. 2009). A habeas petitioner is entitled to a certificate of appealability only if he can make a substantial showing of the denial of a constitutional right. *Miller–El,* 537 U.S. at 336; *Evans v. Circuit Court of Cook County, Ill.,* 569 F.3d 665, 667 (7th Cir. 2009). Under this standard, Petitioner must demonstrate that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller–El,* 537 U.S. at 336 (quoting *Slack v. McDaniel,* 529 U.S. 473, 484 (2000)). And in cases where a district court denies a habeas claim on procedural grounds, the habeas court should issue a certificate of appealability only if the petitioner shows that (1) jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and (2) jurists of reason would find it debatable whether the district court was correct in its procedural ruling. See *Slack,* 529 U.S. at 485.

Consistent with the detailed discussion above, the Court concludes that Petitioner has not made a substantial showing of the denial of a constitutional right, nor would reasonable jurists

differ on the Court's assessment of Petitioner's claims. Thus, the Court declines to certify any issues for appeal pursuant to 28 U.S.C. § 2253(c)(2).

**IV.     Conclusion**

For the reasons set forth above, the Court denies Petitioner Joe Hester's motion to vacate, set aside, or correct sentence by person in federal custody pursuant to 28 U.S.C. § 2255 [1], denies as moot his motion to request "order" or "standing order" for unimpeded access to the court [8], declines to certify any issue for appeal, and directs the Clerk to enter judgment in favor of the United States.

Dated: July 11, 2014

                                                  Robert M. Dow, Jr.
                                                United States District Judge